UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC J. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:17-cv-01326-TWP-DML |
| ) | |
| WENDY KNIGHT Superintendent, ) | |
| *et al.* ) | |
| Defendants. ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Eric Wilson, an inmate at the Correctional Industrial Facility, brings this action alleging that his rights were violated in a number of ways when he was wrongly classified as a sex offender. Briefly, Wilson asserts that, in November of 2016, he was wrongly classified as a sex offender. He alleges that this classification has violated his First Amendment right to free speech and peaceful assemblage, his due process rights under the Fourteenth Amendment, and his Eighth Amendment right to be free of cruel and unusual punishment. For the following reasons, certain of Wilson's claims are dismissed while one of his claims shall proceed.

**The Screening Requirement**

Because Wilson is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Wilson, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## Claims that Are Dismissed

Wilson's First Amendment claims are **dismissed**. Wilson alleges that the asserted wrongful classification as a sex offender violated his right to free speech and peaceful assemblage. But the Court can discern no connection between the classification and either his speech or assembly rights. To the extent Wilson can be understood to have raised a claim that the defendants, particularly defendant Martin, retaliated against him in changing his classification, he has failed to state a claim for retaliation. To prevail on a First Amendment retaliation claim, a plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *see Mays v. Springborn*, 719 F.3d 631, 635 (7th Cir. 2013). Wilson alleges that defendant Martin acted based upon her negative opinion of him, but there is no allegation that any of the defendants acted upon Wilson's classification because of any protected First Amendment Activity on Wilson's part.

Wilson's Fourteenth Amendment due process claims must also be **dismissed**. The due process clause is triggered when the government deprives an individual of life, property or liberty. *See Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may

be made for any reason or for no reason. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all"). Wilson does not allege that the change in his classification affected his liberty interest. He therefore has failed to state a claim for a due process violation. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)).

Any claim asserted pursuant to 42 U.S.C. § 1985 is **dismissed**. The conspiracy claim adds nothing and is dismissed because all of the defendants "are state actors, and thus amenable to suit under 42 U.S.C. § 1983, by virtue of their offices." *Logan v. Wilkins,* 644 F.3d 577, 583 (7th Cir. 2011) (*citing Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

### The Claim that Will Proceed

Wilson also claims that defendant Knight was deliberately indifferent to a serious risk of harm to him based on his classification as a sex offender. Wilson asserts that he approached Knight with his concerns regarding his sex offender classification and that she discussed this subject with him within earshot of other inmates despite Wilson's request that the conversation be kept private. As a result, according to Wilson, rumors began to circulate that Wilson was a sex offender and he was ultimately assaulted because of these rumors. This claim **shall proceed** against Knight in her individual capacity as a claim that she was deliberately indifferent to a risk of harm to Wilson in violation of his Eighth Amendment rights. Any claim against Knight in her official capacity is **dismissed**. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment).

## Further Proceedings

In summary, the claim that defendant Knight was deliberately indifferent to a risk of harm to Wilson in **shall proceed** against Knight in her individual capacity as a claim that she violated Wilson's Eighth Amendment rights. All other claims against all other defendants are **dismissed**. If Wilson believes he has raised a claim in his complaint that is not addressed in this Entry, he shall have **through August 7, 2017**, to notify the Court.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Knight in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 7/5/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Eric J. Wilson
108386
Correctional Industrial Facility
Electronic Service Participant – Court Only

Electronic Service to the Following Employee of the Correctional Industrial Facility

Wendy Knight