UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIC J. WILSON, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 1:17-cv-01326-TWP-DML |
| WENDY KNIGHT Superintendent, | ) ) ) | |
| Defendant. | ) | |

**Entry Discussing Motion for a Temporary Restraining Order**

Plaintiff Eric Wilson ("Wilson"), an inmate in the Indiana Department of Correction, Correctional Industrial Facility ("CIF"), brings this action alleging that his rights were violated in a number of ways when he was wrongly classified as a sex offender. In his complaint,[1] he asserts that this classification has violated his First Amendment right to free speech and peaceful assemblage, his due process rights under the Fourteenth Amendment, and his Eighth Amendment right to be free of cruel and unusual punishment. Based on the screening required by 28 U.S.C. § 1915A(b), the only claim that was permitted to proceed was the claim that defendant Wendy Knight exhibited deliberate indifference to a risk of harm to him when she talked about his status as a sex offender in earshot of other inmates and he was assaulted as a result. Wilson has filed a motion for a temporary restraining order and preliminary injunction "to ensure that action be taken to correct the incorrect classification status and irreparable harm in which the plaintiff faces and to prevent these types of violations from ever occurring again."

---

[1] The operative complaint is the original complaint filed on April 26, 2017. Wilson has filed a motion to amend his complaint and that motion will be addressed in a separate Entry.

## I. Standard

Because the defendant has responded, Wilson's motion is treated as a motion for a preliminary injunction. A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need. *Goodman v. Ill. Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). A party seeking a preliminary injunction must show (1) that its case has "some likelihood of success on the merits," and (2) that it has "no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied." *Ezell v. City of Chi.,* 651 F.3d 684, 694 (7th Cir. 2011). If the moving party meets these threshold requirements, the district court "weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party or the public is sufficiently weighty that the injunction should be denied." *Id.*

## II. Discussion

Based on the standard set forth above, to establish his right to preliminary injunctive relief, Wilson must show that he has a reasonable likelihood of success on the merits of his claims. The only viable claim identified by the Court is the claim that Knight was deliberately indifferent to his safety. The other claims, including claims related to his classification and alleged retaliation against him, have been dismissed for failure to state a claim. *See Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009) (to state a retaliation claim, the plaintiff must allege that First Amendment activity must be "at least a motivating factor" in the defendant's allegedly retaliatory action); *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)).

Wilson also asserts a "class of one" equal protection claim for the first time in his motion for a preliminary injunction, but even if such a claim were part of his complaint, he has not shown the likelihood of success on the merits of that claim. *See United States v. Moore,* 543 F.3d 891, 896 (7th Cir. 2008) (class-of-one claims are not applicable to governmental action that is the product of a highly discretionary decision-making process). Wilson has not shown a reasonable likelihood of success on the merits of his viable claim – that Knight was deliberately indifferent to a risk of harm to him – sufficient to entitle him to the injunctive relief he seeks. While Wilson has alleged that he has been assaulted in the past, he has provided no evidence or argument that is specific enough to allow the Court to conclude that he is presently at risk of injury. He has not identified a specific person or group who has threatened him or stated that the person or persons who assaulted him previously might still do so. For these same reasons, the Court finds that Wilson has not shown that he is in risk of irreparable harm or that a remedy at law will be inadequate. To show his entitlement to injunctive relief because of the risk of irreparable harm, he must show that the irreparable harm is likely. *See Michigan v. U.S. Army Corps of Engineers,* 667 F.3d 765, 788 (7th Cir. 2011). His generalized fears are insufficient.

Finally, Wilson's request for injunctive relief must be considered in light of the Court's hesitancy to interfere with prison administration and direction to "accord prison wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991); *Bruscino v. Carlson,* 854 F.2d 162, 165 (7th Cir. 1988) (it is not "for the limited competence of federal judges to micromanage prisons."). Wilson has not shown that the Court should interfere in prison administration in this instance.

## III. Conclusion

For the foregoing reasons, Wilson's motion for a preliminary injunction, dkt. [17], is **denied**.

**IT IS SO ORDERED.**

Date: 9/1/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and to:

ERIC J. WILSON
108386
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant - Court only