**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ERIC J. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-01326-TWP-DML |
| | ) | |
| WENDY KNIGHT, Superintendent, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY DENYING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Wendy Knight ("Knight"), Dkt. [30]. Plaintiff Eric J. Wilson ("Wilson"), an inmate at the Correctional Industrial Facility ("CIF") in Pendleton, Indiana, filed this action pursuant to 42 U.S.C. § 1983 alleging a number of claims based on his classification as a sex offender. After the screening required by 28 U.S.C. § 1915A, the claim remaining is that Knight, the Superintendent of CIF, exhibited deliberate indifference to a serious risk of harm to Wilson by letting other inmates know about his sex offender status. Knight moves for summary judgment on this claim arguing that Wilson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). For the following reasons, Knight's Motion for Summary Judgment, Dkt. [30], is **denied**.

## I. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II. STATEMENT OF FACTS

### A. Wilson's Allegations

Wilson at all relevant times was an inmate at CIF. On February 15, 2017, he spoke with Knight concerning his classification as a sex offender during Knight's walk-through of his housing unit. Knight told him that the classification was just and would stand. Wilson told Knight he was concerned that other inmates nearby could hear them and that he did not want other inmates to hear their conversation about him being classified as a sex offender. Knight continued to speak about the subject within earshot of other inmates. Subsequently, Wilson heard rumors that other inmates heard Knight talking to him about his classification as a sex offender. Since that time, Wilson has experienced lewd remarks and name calling by other inmates, and on February 19,

2017, he was assaulted by a fellow inmate who demanded "rent" in order for him to remain in the housing unit while labeled a sex offender.

**B.    Grievance Program**

There is a grievance program at CIF, which was in place during the time Wilson alleges that Knight violated his rights. Pursuant to the grievance program, inmates can grieve matters that involve actions of individual staff, including those actions alleged in Wilson's complaint against Knight. The grievance program includes an attempt to resolve the inmate's complaint informally, as well as two formal steps: a formal written grievance, and then an appeal from the response to that grievance. If informal resolution is unsuccessful, the inmate can then proceed to the Level One formal grievance process by submitting a completed formal grievance form to the Grievance Specialist. The formal grievance process begins when the inmate submits a completed state form 45471 "Offender Grievance" to the Grievance Specialist. The grievance submitted by an inmate is screened by the Grievance Specialist to determine whether the submitted grievance meets the requirements for a formal grievance as set forth in the Indiana Department of Correction ("IDOC") grievance policy. If the grievance is not resolved in a manner that satisfied the inmate, or if he or she did not receive a grievance response within 15 working days, the inmate may pursue the issue by filing an appeal to IDOC's Department Offender Grievance Manager. The appeal must be submitted on state form 45473 "Offender Grievance Program Grievance Appeal" within 10 working days of the grievance response or the expiration of the 15 working day deadline for a response.

## C. **Wilson's Grievances**

There is no record that Wilson filed a formal grievance or formal appeal related to his claim that Knight was deliberately indifferent to a risk to his safety when discussing his classification as a sex offender. Wilson asserts the following with respect to his attempts to grieve his complaint against Knight: he submitted an "Offender Complaint – Informal Process Level" on March 6, 2017, in which he stated: "However, due to my classification as a sex offender and the fact that Ms. Knight let it get out that I'm classified as a sex offender has resulted in me being attacked and my wrongful classification status but I have yet to hear back from them. I'm no longer safe in this dorm." Dkt. [35] at 5-6. When he did not receive a response to this informal grievance, Wilson contacted his casework manager, Mr. Gehrke, who stated "I will look into it," but Wilson did not receive a response to this request. *Id.* On March 20, and March 28, 2017, he wrote requests to Grievance Specialist Rob Stafford requesting an "Offender Grievance Form" because there were none located in his housing unit, but Stafford did not respond to these requests.

# III. DISCUSSION

Knight argues that Wilson failed to exhaust his administrative remedies before he filed his complaint. Wilson responds that he attempted to exhaust his administrative remedies but was not able to do so because he did not receive a response to his informal grievance and he was not provided with a formal grievance form.

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly

(so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006).

The PLRA contains its own, textual exception to mandatory exhaustion. Under § 1997e(a), the exhaustion requirement depends on the "availab[ility]" of administrative remedies: thus, an inmate must exhaust available remedies, but need not exhaust unavailable ones. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). In other words, prison staff who have the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Knight argues that because Wilson did not file a formal grievance related to his claim that she disclosed to other inmates his status as a sex offender, he has failed to exhaust his available administrative remedies. Wilson argues that he attempted to exhaust his administrative remedies by submitting an informal grievance form and by requesting a formal grievance form. When no formal grievance form was provided to him, he was not able to complete the process. In other words, Wilson argues that administrative remedies were not available to him. In reply, Knight does not meaningfully confront Wilson's evidence regarding his attempts to complete the informal

grievance process[1] or present evidence that disputes his version of events. Knight argues that Wilson did not file a formal grievance, but does not dispute Wilson's statement that he attempted to obtain a grievance form, but was not provided with one. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) ("If prison employees refuse to provide inmates with those forms when requested, it is difficult to understand how the inmate has any available remedies. Just as prison employees cannot exploit the exhaustion requirement by not responding to grievances, they should not be rewarded for preventing an inmate access to an administrative remedy." (citations omitted)). Wilson has created a genuine issue of material fact regarding whether administrative remedies were available to him on his claim that Knight was deliberately indifferent to his safety. Knight therefore has failed to meet her burden to show that Wilson has failed to exhaust his available administrative remedies.

## IV. CONCLUSION

For the reasons stated above, Knight's Motion for Summary Judgment, Dkt. [30], is **DENIED**. Where there are disputed issues of fact relating to whether the inmate exhausted his available administrative remedies, the Court must hold a hearing to resolve these disputes. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Knight has requested a hearing in this case. The Court will therefore set a hearing. If Wilson seeks the assistance of counsel at the hearing, he should file a motion for assistance with recruiting counsel by **December 29, 2017**. The **Clerk shall** include a form motion with Wilson's copy of this Entry.

---

[1] Knight states that Wilson has not submitted a copy of his informal complaint and argues that the Court should therefore disregard Wilson's reference to it, but Wilson has provided a copy. And even if he had not provided a copy, his testimony that he submitted the informal grievance would be sufficient evidence to support this disputed fact.

**SO ORDERED.**

Date: 11/22/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eric J. Wilson, #108386
Pendleton Correctional Industrial Facility
Electronic Service Participant - Court only

Christopher Andrew Farrington
OFFICE OF THE INDIANA ATTORNEY GENERAL
christopher.farrington@atg.in.gov

Kelly Suzanne Witte
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.witte@atg.in.gov